In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00087-CV
_____


IN RE JOHN F. WILLIAMS

_____

Original Proceeding
435th District Court of Montgomery County, Texas
Trial Cause No. 14-02-01500-CV

_____

**MEMORANDUM OPINION**

In this mandamus proceeding, the relator, John F. Williams, seeks to compel

the trial court to vacate its September 1, 2015 orders granting the State's motion to

place Williams in a tiered treatment program and amending a 2014 order of civil

commitment.[1] Williams contends that the trial court abused its discretion by

---

[1]The mandamus record reflects that the relator's name is John Franklin Williams, Jr. Williams was adjudicated to be a sexually violent predator on August 14, 2014. *See generally In re Commitment of Williams*, No. 09-14-00407-CV, 2016 WL 1600789, at *1-5 (Tex. App.—Beaumont Apr. 21, 2016, no pet.) (mem. op.). According to Williams, the predecessor agency of the Texas Civil Commitment

ordering him into a tiered treatment program as required by amendments to the civil commitment statute that came into effect on June 17, 2015. *See* Tex. Health & Safety Code Ann. § 841.0831 (West Supp. 2015); *see also* Act of May 21, 2015, 84th Leg., R.S., ch. 845, § 40(b), 2015 Tex. Sess. Law Serv. 2700, 2711(West). We deny the petition for a writ of mandamus.

First, Williams argues the amended order of civil commitment is contrary to the final judgment committing him for outpatient sex offender treatment. Williams argues that the trial court abused its discretion by ordering him into the tiered treatment program because section 40(a) of the amending legislation, S.B. 746, provides that the 2015 amendments to Chapter 841 of the Texas Health and Safety Code apply only to a civil commitment proceeding that is initiated on or after June 17, 2015. *See* 2015 Tex. Sess. Law Serv. at 2711. However, the trial court may modify the requirements of a civil commitment order "at any time after notice to each affected party to the proceedings and a hearing." Tex. Health & Safety Code Ann. § 841.082(e) (West Supp. 2015). When Williams was civilly committed in 2014, the civil commitment requirements of section 841.082 of the Texas Health and Safety Code included "requiring the person's participation in and compliance with a specific course of treatment" provided by the office responsible for

Office housed Williams in the Southeast Texas Transitional Center after his release from prison on January 14, 2015.

2

treatment and supervision of sexually violent predators in Texas. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 8(a)(4), 2011 Tex. Sess. Law. Serv. 3197, 3200 (West) (amended 2015) (current version at Tex. Health & Safety Code § 841.082 (West Supp. 2015)). In 2015, the legislature expressly required the Texas Civil Commitment Office to develop a tiered sex offender treatment program. *See* Tex. Health & Safety Code Ann. § 841.0831. Section 40(b) of S.B. 746 states that a civil commitment requirement imposed before the effective date of the act must be modified to conform to the amended version of the act. *See* 2015 Tex. Sess. Law Serv. at 2711.

Sex offender treatment is a civil commitment requirement imposed by section 841.082 of the Texas Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 841.082(a)(3). The amended act changed the sex offender treatment required by section 841.082 to a tiered treatment program. *See* Tex. Health & Safety Code Ann § 841.0831. We conclude that section 40(b) of S.B. 746 required the trial court to modify the sex offender treatment requirement imposed by section 841.082 to a tiered treatment program after notice to the committed person and a hearing. *See* 2015 Tex. Sess. Law Serv. at 2711. Williams received notice and a hearing, which is all that was required to place him into the new tiered treatment program. *See* Tex. Health & Safety Code Ann. § 841.082(e).

Second, Williams contends that as applied to him the 2015 amendments to Chapter 841 of the Texas Health and Safety Code deny due process of law. We recently addressed the constitutionality of S.B. 746 in the case of a person who had been civilly committed in 2013. *See generally In re Commitment of May*, No. 09-15-00513-CV, 2016 WL 4040186, at *1-9 (Tex. App.—Beaumont July 28, 2016, no pet. h.). Considering May's claim to a vested right to outpatient treatment under a judgment that pre-dated S.B. 746, we held that the 2015 amendments to Chapter 841 of the Texas Health and Safety Code did not render civil commitment unconstitutionally punitive or retroactive. *Id.* at *4-8. Our reasoning in *May* applies to the issues under consideration here.

In 2014, Section 841.082 of the Texas Health and Safety Code required a civilly committed sexually violent predator to reside in a residential facility under contract with or approved by the office administering his sex offender treatment, and the original order of commitment required that Williams reside in supervised housing. *See* 2011 Tex. Sess. Law. Serv. at 3200 (amended 2015). Moreover, in 2014 Section 841.082 required the person's participation in and compliance with a specific course of treatment provided by the office. *See id.* Therefore, when Williams was civilly committed, the settled expectations included having the treating agency determine where Williams would live and the program of treatment

4

he would receive. The State's need to operate a sex offender treatment program for sexually violent offenders who have discharged their criminal sentences justifies requiring a person to receive sex offender treatment at the general location where he resides, as determined by the Texas Civil Commitment Office. *See May*, 2016 WL 4040186, at *8.

In a supplemental petition, Williams argues the amended order of civil commitment is barred under the doctrine of res judicata. Res judicata is an affirmative defense that must be pleaded in the trial court. *See generally* Tex. R. Civ. P. 94. Furthermore, in a civil commitment case, the trial court may modify the requirements of a civil commitment order "at any time after notice to each affected party to the proceedings and a hearing." Tex. Health & Safety Code Ann. § 841.082(e).

Williams has not shown that the trial court abused its discretion. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We deny the petition seeking mandamus relief. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on May 11, 2016
Opinion Delivered August 11, 2016

Before Kreger, Horton, and Johnson, JJ.